FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

2012 NOV -2  P 3: 01

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ENCORE HOLDINGS, LLC d/b/a FIRE SUPPRESSION SYSTEMS GROUP<br>*Plaintiff* | |
| Vs. | C.A. NO. 12- |
| PERSAUD COMPANIES, INC. and HUDSON INSURANCE COMPANY<br>*Defendants* | CA 12- 789 ML |

## COMPLAINT

Plaintiff, Encore Holdings, LLC d/b/a Fire Suppression Systems Group ("Encore"), through its undersigned attorneys, brings this Complaint for (1) breach of contract, (2) unjust enrichment, (3) quantum meruit, and (4) payment under a performance and guaranty bond against Defendants, Persaud Companies, Inc. ("Persaud"), and Hudson Insurance Company ("Hudson" or "Surety"), and states as follows:

### Parties and Jurisdiction

1. Encore is a limited liability company, duly organized and existing under the laws of the State of Rhode Island with a principal place of business in Pawtucket, Rhode Island.

2. Upon information and belief, Defendant Persaud is a corporation organized under the laws of the Commonwealth of Virginia with a principal place of business located at 6701 Democracy Boulevard, Bethesda, Maryland.

3. Upon information and belief, Defendant Hudson is a corporation organized under the laws of the State of Delaware with a principal place of business located at 100 William Street, New York, New York. Hudson is authorized to underwrite and issue surety bonds in Rhode Island.

4. Upon information and belief, the United States Department of Navy (the "Owner") is the owner of a certain building, namely Phase I of Building 80, located at 1 Simonpietri Drive, Newport, Rhode Island (the "Property").

5. Jurisdiction is based upon the diversity of the parties' citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

## Factual Allegations

6. On or about August 30, 2011, Encore executed a Subcontract Agreement with Defendant Persaud for the construction and installation of a fire suppression system and life safety upgrades to the Property. The amount of the Subcontract Agreement was $236,845.00. Subsequent change orders increased the total Subcontract Agreement to $239,410.00. A true and accurate copy of the Subcontract Agreement is attached hereto as Exhibit 1.

7. In February 2012, Encore fully performed its obligations under the terms of the Subcontract Agreement.

8. Defendant Persaud has defaulted on the payments due under the Subcontract Agreement and has failed, refused and neglected to pay the obligation according to its terms.

9. Under the Subcontract Agreement, Defendant Persaud owes Encore an outstanding balance of payments in the amount of $76,322.50. True and accurate copies of an invoice statement from Encore to Defendant Persaud, showing the payments received and outstanding payments owed, is attached hereto as Exhibit 2.

10. Defendant Persaud has continued to fail, refuse and neglect to pay the outstanding payments due and owing under the Subcontract Agreement. Encore has sent numerous letters and emails to Defendant Persaud demanding payment. A true and accurate copy of the respective letters and emails from Encore to Defendant Persaud are attached hereto as Exhibit 3.

11.     Upon information and belief, Defendant Persaud has been paid in full by the Owner for the work performed by Encore at Phase I of Building 80.

12.     Upon information and belief, Hudson is the named surety on a Performance Bond for work to be performed at the Property, pursuant to a written contract dated September 12, 2011 between Persaud and the Owner. The limit of the Performance Bond is $37,090,000.00. A true and accurate copy of this Performance Bond contract is attached hereto as Exhibit 4.

13.     In a letter dated August 2, 2012, Encore demanded from Hudson immediate payment of the balance owed at that time to Encore ($106,322.50.00). A true and accurate copy of this letter is attached hereto as Exhibit 5.

14.     On August 20, 2012, Hudson acknowledged Encore's claim. A true and accurate copy of this acknowledgment is attached hereto as Exhibit 6.

15.     However, as of the date of this Complaint, Hudson has refused to make payment to Encore pursuant to the obligations under the Performance Bond.

## COUNT I
### *Breach of Contract*

16.     Encore incorporates paragraphs 1 through 15 of its Complaint as if fully stated herein.

17.     Defendant Persaud has breached the Subcontract Agreement by failing and refusing to make payments as required under the agreement.

18.     Despite repeated demands, Defendant Persaud has failed and refused to make payments and is thus liable for the entire payments due under the Subcontract Agreement, plus interest, costs and attorney's fees.

## COUNT II
### *Unjust Enrichment*

19. Encore incorporates paragraphs 1 through 15 of its Complaint as if fully stated herein.

20. Expecting to be compensated pursuant to the Subcontract Agreement, Encore provided a valuable benefit to Defendant Persaud by installing fire suppression and life safety improvements to the Property.

21. Defendant Persaud has not only accepted Encore's installation work as satisfactory, Persaud has appreciated the benefit conferred by Encore by having been fully compensated by the Owner for the work performed.

22. By their wrongful acts and omissions, Defendant Persaud has been unjustly enriched at the expense of Encore, and thus Encore has been unjustly deprived.

23. It would be inequitable for Defendant Persaud to retain the benefit of the proper installation of the fire suppression and life safety improvements to the Property without making payment to Encore.

## COUNT III
### *Quantum Meruit*

24. Encore incorporates paragraphs 1 through 15 of its Complaint as if fully stated herein.

25. Encore conferred a valuable benefit to Defendant Persaud by installing fire suppression and life safety improvements to the Property.

26. Defendant Persaud has not only accepted Encore's installation work as satisfactory, Defendant Persaud has appreciated the benefit conferred by Encore by having been fully compensated by the Owner for the work performed.

4

27. Defendant Persaud was aware Encore expected to be paid by Defendant Persaud upon completing the installations in questions.

28. It would be inequitable for Defendant Persaud to retain the benefit of the proper installation of the fire suppression and life safety improvements to the Property without making payment to Encore.

## COUNT IV
### *Enforcement of Bond –Hudson Insurance Company*

28. Encore incorporates paragraphs 1 through 15 of its Complaint as if fully stated herein.

29. Encore has provided valuable goods and services, and fully performed its obligations under the Subcontract Agreement.

30. Encore seeks to enforce its rights under the Performance Bond pursuant to its terms and Rhode Island laws. Please see Performance Bond dated September 12, 2011, attached hereto as Exhibit 6.

WHEREFORE, Plaintiff Encore Holdings, LLC, demands judgment against Defendants Persaud Companies Inc., and Hudson Insurance Company, jointly and severally, and seeks the following relief:

 (a) compensatory damages of $76,322.50;

 (b) interest, costs and attorney's fees; and

 (c) such other and further relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                                      Plaintiff
                                                     Encore Holdings, LLC,
                                                     By its Attorneys,

                                                     _____
                                                     Matthew T. Oliverio, Esquire (#3372)
                                                     Peter F. Spencer, Esquire (#8669)
                                                     OLIVERIO & MARCACCIO LLP
                                                     55 Dorrance Street, Suite 400
                                                     Providence, RI  02903
                                                     (401) 861-2900
                                                     (401) 861-2922 Fax
                                                     mto@om-rilaw.com
                                                     pfs@om-rilaw.com

Dated: November 2, 2012